BRISCOE, Circuit Judge,
concurring.
I concur in the result but I reach that result by a different route. Judge Lucero concludes the officers “did not prevent *333 [Abies] from entering the room” and thus created their own exigency in an attempt to circumvent the Fourth Amendment. Op. at 332. However, the district court found the officers did not expect Abies to enter the motel room. Specifically, the district court described her entry as “unexpected.” ROA, Vol. I, Doc. 39. That factual finding is subject to review only for clear error. See United States v. Scroger, 98 F.3d 1256, 1260 (10th Cir.1996) (applying clear error standard of review to district court’s determination that officers “did not manipulate or abuse the circumstances” to create the exigency); United States v. Carr, 939 F.2d 1442, 1448-49 (10th Cir.1991) (applying clear error standard of review to district court’s finding that, although exigency was foreseeable, critical factors creating exigency were not subject to police manipulation or abuse). Because I cannot conclude the district court’s finding was clearly erroneous, I do not agree that the officers created an exigency by not preventing Abies’ entry. Rather, I conclude the officers’ subsequent entry into the room was not justified by the safety concerns urged by the government.
The “existence of exigent circumstances is a mixed question of law and fact.” United States v. Davis, 290 F.3d 1239, 1241 (10th Cir.2002). The district court’s factual findings are accepted unless they are clearly erroneous, but “the determination whether those facts satisfy the legal test of exigency is subject to de novo review.” United States v. Flowers, 336 F.3d 1222, 1228 (10th Cir.2003). When the purported exigency concerns police officer safety, one basic aspect of the exigent circumstances exception is that “officers must have reasonable grounds to believe that there is immediate need to protect them lives.” United States v. Smith, 797 F.2d 836, 840 (10th Cir.1986) (emphasis added). Here, the facts as found by the district court do not establish that the officers had reasonable grounds to believe there was an immediate need to enter the motel room to protect their lives.
The government argues that Abies’ unexpected entry into the motel room created a dangerous situation which justified entry. See United States v. Aquino, 836 F.2d 1268, 1271 (10th Cir.1988) (stating that “[w]hen police seek to enter a home without a warrant, the government bears the burden of proving that sufficient exigency exists”). The government contends it would have been “dangerous, if not downright foolhardy” for the officers to remain outside the room “not knowing where Ms. Abies was going or what she [was] going to do once she got there.” Aple. Br. at 15. However, there is no evidence in the record that the officers had reason to believe Abies was violent or willing to use a gun or that the officers had to enter the room as a result. Zogmaister was wearing long underwear and was not carrying a gun when he answered the door. Neither Zogmaister nor Abies made any threatening gesture. Although a confidential informant had told officers there was a gun in the motel room, there was no evidence presented at the suppression hearing regarding the informant’s background or history of reliability as an informant. See United States v. Avery, 295 F.3d 1158, 1167 (10th Cir.2002) (criminal history and history of reliability as informant are two factors to be considered in determining whether probable cause is established). Moreover, there is no indication in the record that the informant suggested that either Zogmaister or Abies was likely to use the gun if confronted by police. I agree with Judge Lucero that it appears the officers safely could have avoided the doorway (the so-called “funnel of fire”) instead of rushing through it.